UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANK EUGENE THOMAS,

                    Plaintiff,

        v.                                          Case No. 25-cv-1012-pp

BROWN COUNTY JAIL,

                    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2) AND DISMISSING
CASE FOR FAILURE TO STATE A CLAIM**

Plaintiff Frank Eugene Thomas, who is incarcerated at the Brown County
Jail and is representing himself, filed a complaint under 42 U.S.C. §1983,
alleging that the defendant violated his constitutional rights. This decision
resolves the plaintiff's motion for leave to proceed without prepaying the filing
fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.      Motion for Leave to Proceed without Prepaying the Filing Fee
          (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the
plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h).
The PLRA lets the court allow an incarcerated plaintiff to proceed with without
prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the
plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then
must pay the balance of the $350 filing fee over time, through deductions from
his prison trust account. Id.

1

On July 20, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $1.19. Dkt. No. 5. The court received $5 toward that fee on August 4, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

*Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The complaint names the Brown County Jail as the only defendant. Dkt. No. 1 at 1. The plaintiff alleges that on June 16, 2025, while he was in custody at the jail, he choked while eating the pudding in his dinner. Id. at 2. He coughed but was able to remove from his throat "a zip tie about two to three inches in length." Id. The plaintiff told Correctional Officer Bergh (not a defendant) about the zip-tie, and Bergh put it in an evidence bag and made a report with a corporal and with the kitchen. Id. at 2–3. The plaintiff asked if he should file a grievance, and Bergh told him "it could have gone much worse." Id. at 3. The plaintiff immediately filed the grievance. Id.

3

The plaintiff alleges that his throat was sore the next morning, and that it hurt to swallow. Id. He submitted three requests to see medical staff and threatened to file a lawsuit. Id. He saw a nurse at 4:00 that afternoon. Id. The nurse told the plaintiff that his throat "looked a little red" and gave him an aspirin for his pain. Id. The plaintiff says that his throat hurt for about a week afterward. Id. The plaintiff seeks unspecified money damages. Id. at 4.

C.    Analysis

The plaintiff does not say whether, at the time of the alleged events, he was a detainee awaiting trial or whether he had been convicted and sentenced for a crime. This distinction guides the court's analysis. The Eighth Amendment governs claims of convicted prisoners, and the Due Process Clause of the Fourteenth Amendment governs claims of pretrial detainees. See Collins v. Al-Shami, 851 F.3d 727, 731 (7th Cir. 2017).

The court will not attempt to determine which standard applies because under either standard, the complaint does not state a claim. The complaint names the Brown County Jail as the only defendant. But a jail is a "non-suable entity." Smith v. Knox Cnty. Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). Under Wisconsin law, the jail is a unit of the Brown County Sheriff's Department, which itself is not subject to suit under §1983 because it "is not a legal entity separable from the county government which it serves." Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004).

Even if the plaintiff had sued a suable defendant, his complaint would not state a claim. The plaintiff alleges that on one occasion in June 2025, he

was served pudding that contained a foreign object (a zip-tie) on which he choked. He says that he suffered from a sore throat for about a week after this incident but suffered no other harm. This court and several others in the Seventh Circuit have concluded that, "'[a] single instance of contaminated food is insufficient to state a claim of deliberate indifference.'" Johnson v. Schults, Case No. 24-cv-1468, 2025 WL 1381625, at *2 (E.D. Wis. May 13, 2025) (quoting Morris v. Buege, Case No. 23-cv-11, 2023 WL 2465882, at *4 (E.D. Wis. Mar. 10, 2023); and citing Franklin v. True, 76 F.3d 381 (7th Cir. 1996) (unpublished)); see also Eines v. Maynard, Case No. 21-CV-00354, 2023 WL 6158834, at *5 (S.D. Ind. Sept. 21, 2023) (citing cases for the proposition that "a single instance of unintentional food poisoning will never give rise to an Eighth Amendment violation"); Becerra v. Kramer, Case No. 16 C 1408, 2017 WL 85447, at *5 (N.D. Ill. Jan. 10, 2017) ("[A] single, isolated incident of food poisoning, even if suffered by many prisoners at an institution, does not rise to the level of a constitutional violation.").

The situation is different if the plaintiff alleges "that prison officials knew of a pattern of inmates being injured by bad food and did not[hing] to remedy the problem.'" Morris, 2023 WL 2465882, at *4 (quoting Olrich v. Kenosha County, Case No. 18-cv-1980, 2020 WL 1169959, at *3 (E.D. Wis. Mar. 11, 2020); and citing Green v. Beth, 663 F. App'x 471, 472 (7th Cir. 2016)). But the plaintiff has not alleged a pattern of contaminated food or of detainees complaining about repeat instances of foreign objects in their food. He alleges that on one occasion, he consumed food at the jail that contained a foreign

object and caused him a sore throat. This allegation does not state a claim under the Eighth or Fourteenth Amendment.

Nor has the plaintiff stated a claim about his medical treatment. The plaintiff alleges that he saw a nurse the afternoon after he nearly swallowed the zip-tie. She told him that his throat was a little red and gave him over-the-counter pain medication. The plaintiff says that his throat was sore for a week, but he does not allege that he suffered more severe symptoms. Even though the plaintiff says that he had to threaten a lawsuit before he received treatment, he still saw a nurse the same day that he submitted his requests for treatment. The plaintiff was not entitled to immediate medical treatment for his non-emergent medical issue. See Moore v. Williams, 835 F. App'x 143, 145 (7th Cir. 2021) (citing Knight v. Wiseman, 590 F.3d 458, 466 (7th Cir. 2009)) ("[T]he Constitution does not mandate immediate care."). His allegations about the next-day treatment of his mild symptoms do not suggest that he received objectively unreasonable medical care in violation of the Fourteenth Amendment, see Pittman by & through Hamilton v. Madison County, Ill., 108 F.4th 561, 570–72 (7th Cir. 2024), or that medical staff were deliberately indifferent to a serious medical concern in violation of the Eighth Amendment, see Farmer v. Brennan, 511 U.S. 825, 834 (1994).

The allegations in the complaint do not state a claim for relief. Although district courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is *certain*' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3

(7th Cir. Apr. 5, 2022) (citing <u>Runnion</u> <u>*ex rel.*</u> <u>Runnion v. Girl Scouts of Greater</u> <u>Chi. & Nw. Ind.</u>, 786 F.3d 510, 519–20 (7th Cir. 2015)). The plaintiff's complaint provides a full account of the simple facts; adding to those facts is unlikely to result in an amended complaint stating a claim. The court finds that amendment would be futile and will not allow the plaintiff to file an amended complaint.

## III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$345** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the

transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Brown County Sheriff, who oversees the jail where the plaintiff is incarcerated and will email a copy to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court*. See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff another "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

8

Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 25th day of August, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**